UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE GUTIERREZ, : | |
|     Plaintiff, : | |
| : | Case No. 3:12-cv-603 (VLB) |
| v. : | |
| : | April 30, 2012 |
| LEO ARNONE, et al., : | |
|     Defendants. : | |

## INITIAL REVIEW ORDER

Plaintiff Jose Gutierrez, incarcerated and *pro se*, has filed a complaint under 42 U.S.C. § 1983 (2000), against defendants Leo Arnone, Lynn Milling, Esther Torres, Edward Maldonado, Don Cyr, Angel Quiros, Jason Cahill, Dennis Marinelli, Scott Peterson and Lauren Powers. The defendants are named in their individual and official capacities. The plaintiff alleges that the defendants caused him to be confined at Northern Correctional Institution without a notice and hearing and have continued to house him there without periodic reviews of the appropriateness of continued administrative segregation placement.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d

Cir. 2005).  The court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007)).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly,* 550 U.S. at 570.  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

      The plaintiff alleges that, on March 14, 2011, defendant Torres, warden at the Williard-Cybulski Correctional Institution, submitted a request to have him transferred to administrative segregation.  Defendant Milling approved the request and the plaintiff was transferred to Northern Correctional Institution and placed on administrative segregation.  Twenty-eight days later, he received notification of an administrative segregation hearing.  The hearing was held thirty days after the plaintiff's transfer.  The notice of decision does not identify what evidence was relied upon or provide reasons for the determination that administrative segregation placement was warranted.  Since then, the

classification committee has continued the plaintiff on administrative segregation status.  The plaintiff compares the conditions at Northern Correctional Institution with those he experienced at Willard-Cybulski Correctional Institution and argues that the conditions in administrative segregation constitute an atypical and significant hardship.

The only allegation against defendant Torres is that she requested the plaintiff's transfer to administrative segregation.   The plaintiff alleges no facts suggesting that defendant Torres was the person responsible for scheduling the administrative segregation hearing or conducting period reviews once the plaintiff was designated to administrative segregation status.   Research has revealed no cases holding that a prisoner cannot be recommended for administrative segregation placement.  Thus, defendant Torres' mere request that the plaintiff be placed on administrative segregation status does not violate any constitutionally protected rights.  All claims against defendant Torres are dismissed pursuant to 28 U.S.C. § 1915A.

Defendant Arnone is the Commissioner of the Connecticut Department of Correction.  The doctrine of respondeat superior is inapplicable in section 1983 cases.  *See Hayut v. State University of New York*, 352 F.3d 733, 753 (2d Cir. 2003).  Supervisors are not automatically liable under section 1983 when their subordinates commit a constitutional tort.  To establish a claim for supervisory liability, the plaintiff must demonstrate one or more of the following criteria: (1) the defendant actually and directly participated in the alleged acts; (2) the

defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; (3) the defendant created or approved a policy or custom that sanctioned objectionable conduct which rose to the level of a constitutional violation or allowed such a policy or custom to continue; (4) the defendant was grossly negligent in his supervision of the correctional officers who committed the constitutional violation; or (5) the defendant was deliberately indifferent to the plaintiff's rights by failing to act in response to information that unconstitutional acts were occurring.  *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003).  The plaintiff also must demonstrate an affirmative causal link between the inaction of the supervisory official and his injury.  *See Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002).

In *Iqbal* the Supreme Court found that a supervisor can be held liable only "through the official's own individual actions."  556 U.S. at 676-77.  This decision arguably casts doubt on the continued viability of some of the categories for supervisory liability.  The Second Circuit has not revisited the criteria for supervisory liability following Iqbal.  See Gonzalez v. Sarreck, No. 08 Civ. 3661, 2011 WL 5051341,at *14 n.3 (S.D.N.Y. Oct. 24, 2011).

Here, however, the plaintiff has alleged no facts suggesting that defendant Arnone would have been involved in or aware of the particular decision to transfer him to administrative segregation, the delay in the initial hearing or the denial of periodic reviews.  Nor has the plaintiff alleged facts to support a department-wide policy to ignore the departmental directives regarding

administrative segregation placement. Thus, even under the broad categories for supervisory liability, the plaintiff had not alleged facts to support a plausible claim against defendant Arnone. The other supervisory defendants, Quiros, Powers, Maldonado, Cyr and Milling may have been more directly involved in the actions in this case. Thus, the case will proceed against them, as well as against defendants Cahill, Peterson and Marinelli, at this time.

## ORDERS

The Court enters the following orders:

(1) All claims against defendants Torres and Arnone are DISMISSED pursuant to 28 U.S.C. § 1915A for failure to state cognizable claims against these two defendants.

(2) The Pro Se Prisoner Litigation Office shall verify the current work addresses for each of the remaining defendants, Lynn Milling, Edward Maldonado, Don Cyr, Angel Quiros, Jason Cahill, Dennis Marinelli, Scott Peterson and Lauren Powers, with the Department of Correction Office of Legal Affairs. The Pro Se Prisoner Litigation Officer shall mail waiver of service of process request packets to each defendant at the confirmed addresses within fourteen (14) days of this Order. The Pro Se Prisoner Litigation Office shall report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S.

**Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).**

**(3)     The Pro Se Prisoner Litigation Office shall prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the complaint with all exhibits on defendants Lynn Milling, Edward Maldonado, Don Cyr, Angel Quiros, Jason Cahill, Dennis Marinelli, Scott Peterson and Lauren Powers in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within fourteen (14) days from the date of this order and to file returns of service within twenty (20) days from the date of this order.**

**(4)     The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.**

**(5)     The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.**

**(6)     The defendants shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.**

**(7)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through**

37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(8)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(9)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

So ordered this 30th day of April 2012, at Hartford, Connecticut.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Case 3:12-cv-00603-VLB   Document 4   Filed 04/30/12   Page 8 of 8